990 So.2d 704 (2008)
Gregory RUFF, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-32.
District Court of Appeal of Florida, Fourth District.
September 24, 2008.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Appellant, Gregory Ruff, appeals his sentence for possession of cocaine. Ruff urges the trial court erred by sentencing appellant as a habitual felony offender for possession of cocaine.
Appellee, State of Florida, concedes and we agree that appellant's sentence for possession of cocaine should be vacated and remanded for resentencing.
Appellant was charged by Information with two counts of trafficking in oxycodone under section 893.135(1)(c)1.b, Florida Statutes (2003), one count of delivering cocaine under section 893.13(1)(a)1., Florida Statutes (2003), and one count of possession of cocaine under section 893.13(6)(a), Florida Statutes (2003). A jury found him guilty on all counts. The trial court adjudicated him guilty of the offenses. When appellant was sentenced, the trial court declared appellant a habitual felony offender and sentenced him as a habitual felony offender to concurrent prison terms of thirty years for the trafficking offenses, with the applicable mandatory minimum terms, thirty years for delivery of cocaine, and ten years for possession of cocaine.
Section 775.084(1)(a)3., Florida Statutes (2003), provides:
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that:
....
3. The felony for which the defendant is to be sentenced, and one of the *705 two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance.
In Coleman v. State, 927 So.2d 1048 (Fla. 2d DCA 2006), the court held: "Section 775.084(1)(a)(3), Florida Statutes (2003), precludes sentencing a defendant as a habitual felony offender for violating section 893.13 relating to purchase or possession of a controlled substance." Therefore, pursuant to section 775.084(1)(a)3. and Coleman, we reverse and remand for resentencing on the possession of cocaine count under the criminal punishment code.
Reversed and Remanded for Resentencing.
POLEN and FARMER, JJ., concur.